IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

STEPHEN DUNLAP                                                                    PETITIONER

V.                                                              No. 4:13-CV-00086-DMB-DAS

STATE OF MISSISSIPPI, ET AL.                                          RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Stephen Dunlap for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

### Facts and Procedural Posture

Stephen Dunlap pleaded guilty to sexual battery in the Circuit Court of Rankin County, Mississippi, and was sentenced by Order filed on June 6, 2011, to serve a term of twenty (20) years, with five (5) years suspended and fifteen (15) years to serve in the custody of the Mississippi Department of Corrections. By statute, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. Therefore, Dunlap's conviction became final on June 6, 2011 when he was sentenced on his guilty plea. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Further, unless Dunlap filed a "properly filed" application as contemplated by 28 U.S.C. § 2244(d)(2) on or before June 6, 2012, to toll the period of limitation, any habeas petition challenging the conviction and sentence imposed for sexual battery would be filed too late. *See Roberts v. Cockrell, supra; Flannagan v. Johnson,* 154 F.3d 196, n.1 (5th Cir. 1998); *Davis v. Johnson,* 158 F.3d 806 (5th Cir. 1998). Dunlap admits, and the Attala County Circuit Court Clerk's Office confirmed, that Dunlap

has not filed any motions for post-conviction relief in that court challenging his plea and sentence to sexual battery.  Therefore, Dunlap is not entitled to statutory tolling, and his federal habeas petition is untimely filed.

## One-Year Limitations Period

The decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection

28 U. S.C. § 2244(d)(1) and (2).

Thus, unless the narrow exceptions of § 2244(d)(1)(B-D) apply, a petitioner's federal habeas corpus petition must be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-

conviction relief is pending in state court. *See, e.g., Roberts v. Cockrell, supra; Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 847 (1999); *Sonnier v. Johnson,* 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson*, *supra*. Dunlap failed to file his habeas petition within the allotted time period.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In the instant case, Dunlap did not sign his petition. However, the petition was postmarked on May 8, 2013. The petition was stamped as "filed" in the district court on May 10, 2013. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 336 days after the June 6, 2012, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). The instant petition will thus be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 20th day of March, 2014.

/s/Debra M. Brown
 **UNITED STATES DISTRICT JUDGE**